# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

RHONDA KLEIN,

    Plaintiff,

vs.

NANCY BERRYHILL, Acting Commissioner of Social Security,[1]

    Defendant.

No. C16-1016-LTS

**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION**

## I. INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed by the Honorable C.J. Williams, Chief United States Magistrate Judge. Doc. No. 17. Judge Williams recommends that I affirm the decision by the Commissioner of Social Security (the Commissioner) that plaintiff Rhonda Klein is not disabled. Neither party has objected to the R&R. The deadline for such objections has expired.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept

---

[1] Berryhill replaced previous acting Commissioner Carolyn Colvin and has been substituted as the defendant in this case pursuant to 42 U.S.C. § 405(g).

as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817,

822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B.     *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Klein applied for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* (Act) on March 17, 2013, alleging an onset date of September 17, 2012. After a hearing, the Administrative Law Judge (ALJ) applied the familiar five-step evaluation and found that Klein was not disabled as defined in the Act. Klein argues the ALJ erred in determining that she was not disabled because:

1. The ALJ failed to properly evaluate the opinions of Klein's treating orthopedic surgeon, Dr. Michael Chapman.

2. The ALJ failed to properly assess Klein's subjective complaints and incorporate the functional limitations she claimed into the RFC.

*See* Doc. No. 13.

Judge Williams addressed each argument separately. With regard to the ALJ's evaluation of Dr. Chapman's opinions, Judge Williams addressed each of Klein's five arguments. First, Klein argued that the ALJ's evaluation was in error because it omitted an explicit statement of the weight given to Dr. Chapman's opinions. *Id.* at 4. Judge Williams acknowledged that the ALJ failed to explicitly articulate the weight she assigned to Dr. Chapman's opinion, but determined:

> Remand is not always required, however, where the extent to which the ALJ considered the opinion is otherwise apparent in the ALJ's decision and RFC restrictions. *See Alcott v. Colvin*, No. 4:13-CV-01074-NKL, 2014 WL 4660364, at *5 (W.D. Mo. Sept. 17, 2014) (finding remand unnecessary where ALJ discussed the medical opinion, ALJ's RFC determination was largely consistent with limitations in the medical source's

4

> opinion, and the reason for not adopting one limitation was adequately explained).

Doc. No. 17 at 10. Judge Williams then noted the similarities between the ALJ's residual functional capacity (RFC) assessment and Dr. Chapman's opinion, stating:

> The ALJ restricted claimant to lifting and carrying ten pounds occasionally and five pounds frequently. AR 20. The ALJ restricted claimant to standing or walking up to two hours out of an eight-hour day. *Id.* The ALJ found claimant could sit for up to six hours a day, instead of Dr. Chapman's opinion she could only sit for two hours a day. *Id.* The ALJ's assessment that claimant would need to change postural positions frequently and be able to stand or walk around for two or three minutes before returning to work is very similar to Dr. Chapman's assessment. *Id.* The ALJ's assessment of claimant's ability to climb, balance, stoop, kneel, crouch or crawl was substantially the same as Dr. Chapman's assessment. *Id.* The ALJ included additional limitations in her assessment that Dr. Chapman did not, including the important limitation regarding claimant's ability to fully use her left arm.

*Id.* at 11-12 (footnote omitted). Regarding other limitations assigned by Dr. Chapman that the ALJ did not incorporate into the RFC, Judge Williams found no error, stating:

> Dr. Chapman did not rely on any medical findings, records, or work history in arriving at this conclusion, or explain how he determined the number of days claimant would have to be absent. An ALJ is not required to give any weight to medical opinions when the source does not support them with clinical evidence or analysis based on the medical records or examinations. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

*Id.* at 12.

Second, Klein alleged that the ALJ erred by giving no weight to Dr. Chapman's opinion that she "would not even be able to perform a sedentary job." Doc. No. 13 at 4. In determining that the ALJ did not err in rejecting Dr. Chapman's opinion that Klein was limited to sedentary work, Judge Williams stated:

> The ALJ could properly disregard this portion of Dr. Chapman's opinion because it is not a medical opinion; rather, it is opinion regarding employability that is for the Commissioner alone to make. *See, e.g.,*

5

> *Perkins*, 648 F.3d at 898 (medical source's opinion that claimant was "disabled or cannot be gainfully employed gets no deference because it invades the province of the Commissioner to make the ultimate disability determination.") (internal quotation marks and citation omitted); *Davidson v. Astrue*, 578 F.3d 838, 842 (8th Cir. 2009) ("[A] treating physician's opinion that a claimant is 'disabled' or 'unable to work,' does not carry 'any special significance,' because it invades the province of the Commissioner to make the ultimate determination of disability.") (citation and internal citation omitted); *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) ("A medical source opinion that an applicant is 'disabled' or 'unable to work,' however, involves an issue reserved for the Commissioner and therefore is not the type of 'medical opinion' to which the Commissioner gives controlling weight."); *Hayes v. Astrue*, No. 2:11-CV-04132, 2012 WL 393406 at *6 (W.D. Mo. Feb. 6, 2012) (finding that the ALJ properly rejected a medical source's opinion that the claimant was limited to sedentary work because that was a determination reserved for the Commissioner).

Doc. No. 17 at 13-14.

Third, Klein alleged that the ALJ failed to properly consider the factors for reviewing evidence from medical sources as required by 20 C.F.R. § 404.1527. Doc. No. 13 at 5. Judge Williams rejected this argument, stating:

> The ALJ clearly took into account that Dr. Chapman was an orthopedic surgeon who treated claimant since at least April 2014. AR 24-26. The ALJ also considered not only Dr. Chapman's medical records, but the medical evidence as a whole. AR 21-27. Although the Commissioner's brief does, to some degree, rely on portions of the record not specifically cited by the ALJ in her decision, I do not find it is either a case of post hoc justification or cherry picking of the record. Rather, a review of the record as a whole shows there was substantial evidence supporting a finding that claimant's impairments were not as severe as either she or Dr. Chapman claimed.

Doc. No. 17 at 14.

Fourth, Klein argued that the ALJ improperly rejected certain findings by Dr. Chapman on grounds that those findings were mere statements of Klein's subjective complaints. Doc. No. 13 at 6-8. Judge Williams determined that the ALJ did not reject

6

Dr. Chapman's opinions, but instead permissibly discounted the weight afforded to subjective complaints, stating:

> First, to be clear, I do not find the ALJ "rejected" Dr. Chapman's opinion as claimant alleges. As noted above, the ALJ's residual functional capacity assessment is substantially similar to Dr. Chapman's opinion of claimant's limitations. Second, I find support in the record for the ALJ's conclusion that Dr. Chapman appeared to have accepted claimant's subjective complaints uncritically. As the Commissioner points out, the limitations Dr. Chapman listed mirror claimant's self-reported limitations. AR 619-22. An ALJ may properly discount the weight afforded a medical source's opinion when it appears it was largely based on the claimant's subjective complaints. *See Kirby*, 500 F.3d at 709 (holding that an ALJ "was entitled to give less weight to [a medical source's] opinion, because it was based largely on [the claimant's] subjective complaints rather than on objective medical evidence.").

Doc. No. 17 at 15-16.

Fifth, Klein argued that the ALJ erred in giving too great a weight to the state agency reviewing physicians' opinions. Doc. No. 13 at 6-8. Judge Williams acknowledged that although the opinions of state agency reviewing physicians do not by themselves constitute substantial evidence to support the ALJ's decision, nothing precludes an ALJ from assigning great weight to those opinions:

> Importantly, the ALJ considered the medical record as a whole, and her assessment of the state agency reviewing physicians' opinions was just a part of that review. An ALJ does not err when she considers the opinion of a state agency medical consultant, along with the medical evidence as a whole, in reaching her decision. *Casey v. Astrue*, 503 F.3d 687, 694 (8th Cir. 2007) ("The ALJ did not err in considering the opinion of [a state agency reviewing physician] along with the medical evidence as a whole."). Therefore, although the opinions of the state agency reviewing physicians could not, by themselves, constitute substantial evidence to support the ALJ's decision, the ALJ's consideration of those opinions, along with all the other medical evidence, does not detract from the substantial evidence supporting the ALJ's decision.

Doc. No. 17 at 17-18.

Klein made three arguments regarding the ALJ's assessment of her subjective complaints, which Judge Williams rejected. Doc. No. 13 at 8-14. First, Klein argued that the ALJ failed to make express findings with regard to all of her subjective allegations. *Id.* at 9. Judge Williams determined that an ALJ is not required to make an express credibility finding with regard to all of a claimant's subjective allegations and, therefore, failing to do so was not error:

> "An ALJ may discount a claimant's subjective complaints if there are inconsistencies in the record as a whole." *Van Vickle v. Astrue*, 539 F.3d 825, 828 (8th Cir. 2009) (citations omitted). The ALJ does not need to discuss each Polaski factor as long as he or she "acknowledges and considers the factors before discounting a claimant's subjective complaints." *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009) (citations and internal quotation marks omitted).

Doc. No. 17 at 19. Judge Williams further stated:

> Claimant cites *Ricketts v. Sec'y of Health & Human Servs.*, 902 F.2d 661 (8th Cir. 1990) for the proposition that an "ALJ must make an express credibility finding regarding all of the claimant's allegations." Doc. 13, at 9 (emphasis claimant's). That is not the holding of *Ricketts*, however. Rather, in *Ricketts*, the court remanded the case and instructed the ALJ to "compare all Ricketts' impairments, including credible subjective complaints, with the demands of operating an elevator in determining whether Ricketts can perform his past work." *Ricketts*, 902 F.2d at 664. The Ricketts Court did not announce a rule that ALJs must expressly make a credibility finding on each and every subjective complaint.

*Id.* at 19-20. Judge Williams also emphasized Klein's work history:

> [T]he fact a claimant worked despite impairments may also be seen as indicating the claimant is not as disabled as alleged. *See, e.g., Van Vickle*, 539 F.3d at 830 (ALJ may discount credibility if claimant continues to work despite alleging disabling limitations); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (finding the ALJ's decision to discount credibility of claimant's subjective complaints valid in part because claimant continued to work despite impairments); *Dixon v. Sullivan*, 905 F.2d 237, 238-39 (8th Cir. 1990) (upholding ALJ's credibility finding based in part on the fact claimant continued to work despite alleged impairments and lost his job

> only because of his use of marijuana and not because he could not perform
> the job). Ultimately, this is within the zone of choice afforded an ALJ to
> determine whether work history supports or detracts from a claimant's
> credibility and it is not for this Court to second guess that assessment where
> there are, as here, adequate grounds for the ALJ to reach that credibility
> conclusion.

*Id*. at 20-21 (footnote omitted).

Second, Klein argued that the ALJ erred in considering the fact that she smoked. Doc. No. 13 at 11. Judge Williams found that the ALJ did not err in this respect, stating:

> The ALJ did not find claimant was barred from benefits because she failed
> to stop smoking. Rather, the ALJ found claimant's failure to stop smoking,
> despite repeated instructions from medical providers that it impacted her
> treatment, as detracting from her credibility. This is permissible. *See*,
> *e.g.*, *Mouser*, 545 F.3d at 638 (the ALJ appropriately considered claimant's
> failure to stop smoking in making his credibility determination); *Strickland
> v. Barnhart*, 143 Fed. App'x 726, 726 (8th Cir. 2005) (same)
> (unpublished); *Wheeler*, 224 F.3d at 895 (finding it proper for ALJ to
> consider claimant's continued smoking, despite doctor's orders to stop, in
> assessing credibility); *but see O'Donnell v. Barnhart*, 318 F.3d 811, 819
> (8th Cir. 2003) (failure to stop smoking does not show claimant's
> complaints of disabling pain are not credible where the record shows
> claimant participates in physical therapy, nerve epidural blocks,
> medication, and other procedures to reduce pain).

Doc. No. 17 at 21.

Third, Klein argued that the ALJ erred by not including all her subjective complaints in the RFC. Doc. No. 13 at 12-14. Judge Williams found no error, stating:

> An ALJ "is not required to believe every allegation of disabling
> [symptoms], or else disability benefits would be available for the asking, a
> result plainly contrary" to the law. *Molina v. Astrue*, 674 F.3d 1104, 1112
> (9th Cir. 2012) (quotation and internal quotation marks omitted). *See also
> Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (holding "the ALJ
> was not required to believe all of [claimant's] assertions concerning those
> daily activities."). In the end, it is not for a reviewing court to disturb an
> ALJ's credibility finding where it is clear the ALJ has considered the record
> and has articulated good reasons for it. *Pena v. Chater*, 76 F.3d 906, 908

(8th Cir. 1996) ("We will not disturb the decision of an [administrative law judge] who seriously considers, but for good reasons explicitly discredits, a claimant's testimony of disabling pain." (quoting *Browning*, 958 F.2d at 821) (alterations in original)).

Doc. No. 17 at 21-22.

## IV. DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Williams applied the appropriate legal standards in concluding the ALJ committed no error in (1) evaluating the opinions of claimant's treating orthopedic surgeon, Dr. Michael Chapman and; (2) assessing claimant's subjective complaints and ultimately not incorporating claimant's claimed functional limitations into the RFC. Therefore, I find no error – clear or otherwise – in his recommendation. Rather, I agree that the ALJ's decision was supported by substantial evidence in the record. As such, I adopt the R&R in its entirety.

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Williams' R&R (Doc. No. 17) without modification. *See* 28 U.S.C. § 636(b)(1).
2. Pursuant to Judge Williams' recommendation:
   a. The Commissioner's determination that claimant was not disabled is **affirmed**.
   b. Judgment shall enter in favor of the Commissioner and against the plaintiff.

**IT IS SO ORDERED.**

**DATED** this 2nd day of June, 2017.

                                            _____
                                            Leonard T. Strand, Chief Judge